[No. 37209. Department One. May 20, 1965.]

WESLEY R. PATTON et al., Appellants, v. ROBERT TUBBS et al., Defendants, GEORGE WATANABE et al., Respondents.*

*Schroeter, Farris, Bangs & Horowitz, Gerald L. Bangs,* and *Peter D. Francis,* for appellants.

*Elliott, Lee, Carney & Thomas, Nelson T. Lee,* and *Nancy Ann Holman,* for respondents.

PER CURIAM.—On this appeal from a judgment of dismissal of an action arising out of an automobile collision, only three assignments of error are made, and all relate to instructions.

1. The trial court properly refused to instruct on either phase of last clear chance;

2. The trial court did not err in refusing to give cautionary or limiting instructions, stating that certain statutory violations which would constitute negligence per se would not constitute negligence if the happenings were beyond the defendant-driver's control. No cautionary or limiting instructions were proposed, as required by Rule of Pleading, Practice and Procedure 51.04W, RCW vol. 0;

*Reported in 402 P.2d 355.

■ 3. The trial court should not have instructed, in a civil case, on the presumptions which arise only in a criminal prosecution[1] from certain readings on a "breathalyzer." *Mattingly v. Eisenberg,* 79 Ariz. 135, 285 P.2d 174 (1955). However, there was no prejudice to the plaintiffs from an instruction that said that no presumption would arise that the defendant-driver was, or was not, under the influence of intoxicating liquor from readings between 0.05 per cent and less than 0.15 per cent by weight of alcohol in the defendant-driver's blood. The plaintiffs had the benefit of the evidence of a 0.14 per cent reading and any arguments they could make therefrom. Neither party received the benefit of any presumption.

Finding no prejudicial error, the judgment is affirmed.

---

[1]RCW 46.56.010, insofar as material, provides:

"In any criminal prosecution for a violation of the provisions of this section relating to driving a vehicle while under the influence of intoxicating liquor, the amount of alcohol in the defendant's blood at the time alleged as shown by chemical analysis of the defendant's blood, urine, breath, or other bodily substance shall give rise to the following presumptions:

"If there was at that time 0.05 percent or less by weight of alcohol in the defendant's blood, it shall be presumed that the defendant was not under the influence of intoxicating liquor;

"If there was at that time in excess of 0.05 percent but less than 0.15 percent by weight of alcohol in the defendant's blood, such fact shall not give rise to any presumption that the defendant was or was not under the influence of intoxicating liquor, but such fact may be considered with other competent evidence in determining the guilt or innocence of the defendant;

"If there was at that time 0.15 percent or more by weight of alcohol in the defendant's blood, it shall be presumed that the defendant was under the influence of intoxicating liquor. . . ."